IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS SANTRIZOS,                )
                                 )
            Plaintiff,           )   Civil No. 06-886-PA
                                 )
       v.                        )   ORDER
                                 )
EVERGREEN FEDERAL SAVINGS AND LOAN )
ASSOCIATION, a federally chartered )
savings association; ENHANCE     )
FUNDING SERVICE, LTD., an Oregon )
corporation; and ROBERT MOORE,   )
                                 )
            Defendants.          )
_____)

PANNER, Judge:

Plaintiff Thomas Santrizos brings this employment discrimination action against defendants Evergreen Federal Savings and Loan Association, Enhance Funding Service, Ltd., and Robert Moore. Plaintiff alleges that he is disabled by mental

1  - ORDER

conditions, and that defendants harassed and eventually terminated him either because of his disability or because they perceived him as disabled. Plaintiff brings claims for disability discrimination under state and federal law, violation of the state and federal family leave statutes, wrongful discharge, and intentional infliction of severe emotional distress.

Defendants move to dismiss as untimely plaintiff's state law statutory claims for disability discrimination and violation of family leave rights. Defendants move to dismiss plaintiff's claim for intentional infliction of emotional distress for failure to state a claim.[1]

I grant the motion to dismiss. Plaintiff may file an amended complaint within twenty days from the date of this order.

## STANDARDS

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court takes allegations of material fact as true and construes them in the light most favorable to the nonmoving party. See Mishler v. Clift, 191 F.3d 998, 1002 (9th Cir. 1999). The court should not

---

[1] Defendants have withdrawn their motion to dismiss plaintiff's claim under the federal Family Medical Leave Act. Also, plaintiff states that Robert Moore is a defendant on the intentional infliction of emotional distress claim only.

dismiss the complaint "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Id.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conclusory allegations, unsupported by facts, cannot support a claim. See Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (citing Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977)). A plaintiff must specifically allege the conduct of the defendants giving rise to the claim. Id.

## DISCUSSION

### I. Oregon Statutory Discrimination Claims

#### A. Background

The following allegations are taken from the complaint. Plaintiff worked as a loan officer for defendants until he was terminated on June 24, 2004. Plaintiff is disabled, and has been diagnosed with major depressive disorder, adjustment disorder with anxiety, and social phobia. These mental conditions "substantially limit[] his interactions with others, his work, and his thinking and ability to care for himself, and his sexual activity." Compl. ¶ 6.

"Between June 24, 2004 and December, 2005, plaintiff was mentally incompetent to bring suit against defendants." Id. ¶ 7.

Plaintiff filed his complaint on June 23, 2006.

### B. Discussion

Plaintiff's claim for disability discrimination under Or. Rev. Stat. § 659A.112, and his claim under the Oregon Family Leave Act, Or. Rev. Stat. §§ 659A.150 to 659A.186, are subject to a one-year statute of limitations.  See Or. Rev. Stat. §§ 659A.875(1), 659A.885.  Plaintiff filed his complaint almost two years after defendants terminated him.

Plaintiff contends that the statute of limitations should be tolled because he was "mentally incompetent" from the day of his termination, June 24, 2004, until December 2005.  For certain claims, Oregon law authorizes tolling statutes of limitations for insanity:

> If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.250 and 12.276 is within the age of 18 years or insane, the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases.

Or. Rev. Stat. § 12.160.  For purposes of ruling on this motion, I will assume that plaintiff was "insane," as that term is used in section 12.160, from his termination until December 2005.

Even assuming that plaintiff was insane for the period alleged, however, section 12.160 does not toll the statute of

4  - ORDER

limitations for employment discrimination claims brought under Chapter 659A of the Oregon Revised Statutes. See Stupek v. Wyle, 327 Or. 433, 446, 963 P.2d 678, 685 (1998) (claims brought under former Chapter 659, now Chapter 659A, "are not included in the list of statutes enumerated in ORS 12.160"). Nor is there a tolling provision for insanity in Chapter 659A itself. See id. Because plaintiff filed his complaint more than one year after his termination, his Oregon statutory claims are barred as untimely.

Plaintiff contends that by excluding claims under Chapter 659A, section 12.160 discriminates against disabled persons; is preempted by the federal Americans with Disabilities Act (ADA); and violates the Equal Protection Clause of the Fourteenth Amendment by improperly distinguishing between claims under Chapter 659A and other claims.

I agree with defendants that the Oregon legislature may rationally limit the claims that are tolled by section 12.160. Since enacting the statute, the legislature has had the opportunity to amend section 12.160 to add claims under Chapter 659A, but it has not done so.

Regarding preemption by the ADA, section 12.160 increases protection for insane persons by tolling the statute of limitations for some, but not all, claims. Section 12.160's failure to include all claims does not discriminate against the

5 - ORDER

disabled. The Oregon legislature could rationally decide to exclude claims under Chapter 659A from the tolling provision of section 12.160.

## II. Intentional Infliction of Emotional Distress Claim

Defendant moves to dismiss plaintiff's claim for intentional infliction of severe emotional distress for failure to state a claim and as untimely. Because plaintiff alleges a continuing tort, and because the statute of limitations for this claim is two years, at this stage of the litigation I will not address defendants' timeliness argument.

### A. Background

Plaintiff alleges that defendant Moore micro-managed plaintiff's activities; falsely accused plaintiff of sexual harassment; failed to respond to plaintiff's complaints; refused to allow plaintiff to terminate a problem employee; refused to allow plaintiff to interact with other loan officers; publicly chastised plaintiff; refused to communicate with plaintiff; interfered with plaintiff's duties and performance; and terminated plaintiff.

### B. Discussion

To prove a claim for intentional infliction of severe emotional distress, the plaintiff must show that the defendant intended to inflict severe emotional distress on the plaintiff, that the defendant's acts caused the plaintiff to suffer severe

6 - ORDER

emotional distress, and that defendant's acts consisted of were an extraordinary transgression of the bounds of socially tolerable conduct. See McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841, 849 (1995). The defendant's conduct must be extremely outrageous, not merely rude, tyrannical, churlish, or mean. Watte v. Edgar Maeyens, Jr., M.D., P.C., 112 Or. App. 234, 239, 828 P.2d 479, 481 (1992). This court generally determines as a matter of law whether a complaint should be dismissed for failure to allege conduct sufficient to state a claim for intentional infliction of emotional distress. See Travis v. Knappenberger, Civ. No. 00-393-HU, 2000 WL 1853084, at *9 (D. Or. 2000).

This court has noted that "[w]hile IIED claims are common in the context of employment disputes, Oregon appellate courts have been very hesitant to impose liability for IIED claims in employment settings, even in the face of serious employer misconduct." Robinson v. U.S. Bancorp, Civ. No. 99-1723-ST, 2000 WL 435468, at *8 (D. Or. 2000). Alleged conduct found insufficient to support an IIED claim includes: overworking employees, making unreasonable demands on employees, terminating an employee for refusing to pull down his pants, accusing employees of being liars, inconsistent and excessive supervision, making unjustified reprimands, threatening termination, requiring menial tasks, and termination itself. Id. (citations omitted).

7 - ORDER

Here, plaintiff's allegations fall short of the high pleading standard required to state a claim for intentional infliction of emotional distress. See Bailey v. Reynolds Metal Co., Civ. No. 99-1418-HA, 2000 WL 33201900, at *2 (D. Or. 2000) (conclusory allegations cannot support an IIED claim). Although termination or false accusations of sexual harassment could conceivably support a claim for intentional infliction of emotional distress, plaintiff's allegations here are insufficient. I dismiss without prejudice plaintiff's claim for intentional infliction of emotional distress.

## CONCLUSION

Defendant's motion to dismiss (#6) is granted without prejudice as to plaintiff's claim for intentional infliction of emotional distress, and with prejudice as to plaintiff's claims under Chapter 659A of the Oregon Revised Statutes. Plaintiff may file an amended complaint within twenty days from the date of this order.

IT IS SO ORDERED.

DATED this 18 day of January, 2007.

OWEN M. PANNER
U.S. District Judge

8 - ORDER